IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>　vs.<br><br>VICTOR ALEXANDER RODRIGUEZ DEL GIUDICE,<br>　　　　Defendant. | CASE NO: **4:21CR3036**<br><br>**DETENTION ORDER** |

On the government's motion to reopen the detention, (Filing No. 28), the court concluded the existence of material facts, unknown to the government at the prior hearing, justified reconsideration of the issue of detention. A detention hearing was held under the Bail Reform Act, 18 U.S.C. § 3142(f). The court concludes the defendant must be detained pending trial.

Based on the evidence presented and information of record, the court finds the defendant's release would pose a risk of nonappearance at court proceedings and a risk of obstruction of justice.

Specifically, the court finds that the defendant violated conditions of release imposed by the Southern District of New York in this case when, promptly after release and through his concerted efforts, he contacted a codefendant for the stated purpose of coordinating and creating a consistent response to the allegations in the indictment. In addition, Defendant is not a United States citizen; told pretrial services that he is residing in the United States legally but ICE can find no record to support that claim; could flee the country before trial; and has limited contacts with Nebraska. The court finds that under the circumstances now before the court, conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms;

require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

## Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Dated May 20, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge