IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiffs,<br><br>vs.<br><br>VICTOR ALEXANDER RODRIGUEZ DEL GIUDICE,<br><br>          Defendants. | **4:21CR3036**<br><br>**ORDER** |

    Defendant has moved for a review of the detention order and requests a hearing. (Filing No. 127). Under 18 U.S.C. § 3142(f), a magistrate judge may review detention only if "information exists that was not known to the movant at the time of the hearing and that has a material bearing" on the amelioration of the risks posed by release. Motions for review of detention must specify the factual basis for the motion, the materiality of the facts to the issues, and that the information was not known previously.

    The court previously held that Defendant's release would pose a risk of nonappearance at court proceedings and a risk of obstruction of justice. In support of reconsidering the obstruction of justice finding, Defendant's motion states "the government's characterization of the Defendant's contact with a codefendant was inadvertent and purely coincidental with no intent to coordinate and create a consistent response to the allegations in the indictment." (Filing No. 127).

    Defendant's contact with codefendant Rivera was previously litigated at length. While Defendant has now submitted an affidavit in support of his request to reopen the issue, the information within the affidavit was known to

Defendant at the time of the prior hearing. In addition, the affidavit supporting the motion to reconsider confirms that Defendant was released on a condition requiring him to have no contact with his codefendants, and while at the affiant's home, codefendant Bob Rivera called the affiant's cellphone, Defendant asked the affiant who was calling, and when told who was on the phone, accepted the phone from the affiant and spoke to Rivera for "less than two minutes." As described in the affidavit, Defendant's communication with Rivera was not "inadvertent and purely coincidental." Defendant chose to speak to Rivera.

Defendant states he now has a green card that does not expire until 2029. While Defendant did not possess a green card when the prior hearing was held, this factual change is not material to the court's prior finding that Defendant's release would pose a risk of obstruction of justice. Simply stated, legal status in this country does not ameliorate the risk that Defendant will again communicate with codefendants or witnesses to influence their testimony or statements regarding the allegations in the indictment. (Filing No. 75).

Accordingly,

IT IS ORDERED that Defendant's motion to review detention, (Filing No. 127), is denied.

Dated this 18th day of October, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge